UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Michael Stice and,
Eric Meiners,

Plaintiffs,

v.

Dentsply International,

Defendant.

Civil No. 00-2736 DWF/SRN

**STIPULATION FOR PROTECTIVE ORDER**
and ORDER

---

The above-named parties, through their respective counsel, stipulate and request that the Court enter a Protective Order in the form attached hereto as Exhibit A.

Date: 4-17-01

MILLER O'BRIEN

By: Nancy Miller

Nancy J. Miller (#203518)
Maurice W. O'Brien (#130229)
1208 Plymouth Building
12 South Sixth Street
Minneapolis, Minnesota 55402
Telephone: (612) 333-5831

**ATTORNEYS FOR PLAINTIFFS**

FILED APR 23 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

Date: 4/12/01

OPPENHEIMER WOLFF & DONNELLY LLP

By: [signature]

Jeffrey B. Oberman (#80421)
Kristin L. Boetticher (#275931)
Plaza VII, Suite 3300
45 South Seventh Street
Minneapolis, MN 55402
Telephone: (612) 607-7000

**ATTORNEYS FOR DEFENDANT**

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Michael Stice and,
Eric Meiners,

Civil No. 00-2736 DWF/SRN

Plaintiffs,

v.

**PROTECTIVE ORDER**

Dentsply International,

Defendant.

---

Pursuant to the Stipulation for Protective Order entered into between the above-named parties, through their respective counsel,

IT IS HEREBY ORDERED:

1. The parties agree that any party to this Action may designate as "CONFIDENTIAL" any documents, any portions of testimony, and any other material or information which the designating party reasonably and in good faith believes contains or reflects proprietary or confidential material. Information stamped "CONFIDENTIAL" shall not be exhibited or disclosed to anyone other than counsel for the parties, employees or agents of counsel for the parties, the parties, designated experts that have been disclosed to the producing party, or as necessary in the course of litigation, court reporters, the Court and its personnel. If "CONFIDENTIAL" information is filed with the Court, it shall be filed in sealed envelopes or containers and appropriately marked as sealed.

2. Information marked "CONFIDENTIAL" by a disclosing party may be used in the examination of the parties, employees of the parties, expert witnesses and other witnesses, provided they read and agree to the provisions of this protective order.

**EXHIBIT A**

3. The parties agree that any party to this Action may designate as "CONFIDENTIAL--COUNSEL ONLY" any documents, any portions of testimony, and any other material or information which the designating party reasonably and in good faith believes contains or reflects highly sensitive, proprietary or confidential material or information believed to be entitled to heightened protection from unauthorized or inadvertent disclosure.

4. Information marked "CONFIDENTIAL--COUNSEL ONLY" by a disclosing party may be disclosed only to counsel to each party who are actively engaged in the conduct of this litigation; to the partners, associates, secretaries, paralegals and employees of such parties' counsel to the extent reasonably necessary to render professional services in the litigation; to Court officials involved in the litigation (including court reporters, persons operating video recording equipment at depositions, and any special referee appointed by the Court); to expert witnesses and consultants as allowed by paragraph 6; and to current employees of the party producing and designating the "CONFIDENTIAL--COUNSEL ONLY" document. If a party desires to disclose a "CONFIDENTIAL--COUNSEL ONLY" document to any other person, for any purpose (including use of the "CONFIDENTIAL--COUNSEL ONLY" document in a deposition or at trial), the party seeking disclosure shall first give the producing party notice of the intention to use and disclose the document. If the producing and designating party refuses such consent to the proposed use of the "CONFIDENTIAL--COUNSEL ONLY" document, the party seeking to use the document must apply to the Court for an order permitting such use, on such terms as the Court deems appropriate. No use or disclosure of a "CONFIDENTIAL--COUNSEL ONLY" document, other than that authorized by this Paragraph, is permitted in the absence of such a Court order. If "CONFIDENTIAL--COUNSEL ONLY" information is filed

with the Court, it shall be filed in sealed envelopes or containers and appropriately marked as sealed.

5. With respect to depositions of any party or any person employed by, previously employed by, or acting on behalf of a party to this action, such party shall have thirty (30) days after receipt of the deposition transcript within which to inform the other party of the portions of the transcript to be designated as "CONFIDENTIAL" or "CONFIDENTIAL--COUNSEL ONLY" information. The right to make such designation shall be waived unless made within the thirty-day period. Such designation may also be made during the pendency of the deposition.

6. "CONFIDENTIAL" or "CONFIDENTIAL--COUNSEL ONLY" information may be disclosed to any expert or consultant to any party, but only if such person has signed and returned to counsel for the party seeking to disclose "CONFIDENTIAL" or "CONFIDENTIAL--COUNSEL ONLY" information to an expert or consultant a written agreement that he or she agrees to be bound by the terms of this Protective Order and will submit to the jurisdiction of the Court.

7. In the event any producing party discovers, after it has produced information, that it has inadvertently produced information that has not been correctly designated as "CONFIDENTIAL" or "CONFIDENTIAL--COUNSEL ONLY" the producing party may, within ten (10) days of the discovery of inadvertent production, correct that error by a subsequent designation made in writing specifically identifying the designated information. Upon receipt of such notice, the parties shall treat such information in accord with this Protective Order. When an attorney receives notice that information was mistakenly produced without the proper designation, the attorney will immediately notify any person who received the information but who was not entitled to receive it and inform that person that they must immediately return the

information and any copies thereof to the attorney. The attorney will also instruct the person that they must not disclose any of the information.

8. Any party may object at any time to the propriety of classifying any information as "CONFIDENTIAL" or "CONFIDENTIAL--COUNSEL ONLY" by serving a written objection on the producing party's counsel. The producing party shall within five (5) days respond to such objection by either agreeing to remove the designation or stating the reasons why the designation was made. If the parties are unable to agree to designated information as "CONFIDENTIAL" or "CONFIDENTIAL--COUNSEL ONLY" the receiving party may move the Court for an order removing the "CONFIDENTIAL" or "CONFIDENTIAL--COUNSEL ONLY" designation.

9. Nothing in this Protective Order shall prevent or restrict the parties from using or disclosing any information that was submitted independent of discovery and/or by a non-party.

10. The attorneys for the parties are responsible for employing reasonable measures to control, consistent with this Protective Order, duplication of, access to and distribution of stamped "CONFIDENTIAL" and "CONFIDENTIAL--COUNSEL ONLY" information.

11. Within sixty (60) days of the conclusion of this civil action, including all appeals, all copies of "CONFIDENTIAL" and "CONFIDENTIAL--COUNSEL ONLY" information either shall be destroyed or shall be returned to counsel for the producing party provided that litigation counsel for the parties may retain for their files copies of any materials filed with the Court or the appellate courts which may include "CONFIDENTIAL" or "CONFIDENTIAL--COUNSEL ONLY" information as long as they continue to maintain the confidentiality of such information in accordance with the terms of this Protective Order. If the copies of the "CONFIDENTIAL" or "CONFIDENTIAL--COUNSEL ONLY" information are destroyed,

counsel for the receiving party shall verify in writing to counsel for the producing party that all such material has been destroyed.

12. Any party may on written notice apply to the Court at any time for modification of this Protective Order.

Date: April 23, 2001

BY THE COURT:

Susan Richard Nelson

Honorable Susan Richard Nelson
United States Magistrate Judge



**EXHIBIT A**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
OFFICE OF THE CLERK
316 N. Robert St., Rm 708
St. Paul, MN 55101

**Clerks Notice In Re: Protective Order**

---

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing confidential original documents with the Clerk of U. S. District Court. Failure to do so will cause the documents to be returned.

***Guidelines for filing with the Clerk:***

A. Documents are to be sealed (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 (LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 ½ x 11 inch white paper...flat and unfolded. This rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)

B. Each envelope must list the following information, and each document is to be in a separate envelope.

- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents).
- The word "SEALED" or "CONFIDENTIAL"

***Guidelines for filing with a U. S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U. S. District Judge or U. S. Magistrate Judge are to be marked accordingly and bound together as a set.